# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| MONICA E. DAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-00800 |
| | ) | Judge Aleta A. Trauger |
| STATE OF TENNESSEE, DEPARTMENT CORRECTION, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

The Tennessee Department of Correction ("TDOC") has filed a Motion for Summary Judgment (Docket No. 43), to which Monica E. Dawson has filed a Response (Docket No. 48). For the reasons set out herein, TDOC's motion will be denied.

## I. BACKGROUND AND PROCEDURAL HISTORY

Dawson is an African-American woman who, at all times relevant to this case, worked for TDOC. (Docket No. 49-1 ¶ 1.) She claims that her former supervisor, Samantha Hall, routinely made racially offensive comments to her, starting in 2014 and continuing until Hall left TDOC in May 2016. (Docket No. 50 ¶ 1.) On November 10, 2014, Dawson sent an email to Lesley T. Farmer of the Tennessee Department of Human Resources, stating that she wished to file an Equal Employment Opportunity Commission ("EEOC") charge but feared retaliation. (Docket No. 47-1.) No later than December 3, 2014, she contacted an attorney, Andy Allman, about filing such a charge. (Docket No. 49 ¶ 3.) Allman,[1] however, did not file the charge immediately and would not do so for well over a year. (*Id.* ¶ 4.)

---

[1] Mr. Allman has been disbarred and is facing criminal charges at present.

In the meantime, TDOC conducted an internal investigation of Hall in response to Dawson's complaint. As a result of the investigation, Hall was suspended for two days in January 2015. (Docket No. 50 ¶ 2.) Thereafter, Donna Wright was named Dawson's direct supervisor. Hall, however, continued to directly supervise Wright. (*Id.* ¶¶ 3–4.) Dawson testified that, after Hall returned from her suspension, she continued to make racially offensive comments on a weekly basis. (*Id.* ¶ 5.) Dawson complained about Hall's behavior to Wright. (*Id.* ¶ 7.) Wright's own testimony confirms that she considered Hall's language in the workplace to be unprofessional, that Hall exhibited an aggressive demeanor, and that at least three employees had complained to the human resources department about Hall. (*Id.* ¶ 12.)

On April 28, 2016, Allman filed a charge of discrimination with the EEOC on behalf of Dawson, alleging discrimination on the basis of race, sex, and age, as well as retaliation. (Docket No. 47-3 at 2; Docket No. 47-4 at 2; Docket No. 49-1 ¶ 4.) The charge is date-stamped as received by the EEOC on May 2, 2016. (Docket No. 49-1 ¶ 5.)

On May 26, 2016, Wright, on Hall's recommendation, issued a written warning to Dawson based on an incident that had happened that February or March. (Docket No. 50 ¶ 8.) Based on the deposition excerpts provided by the parties, it appears that the incident involved Dawson's alleged negligence and/or violation of TDOC policies with regard to the transmission of records. (Docket No. 49-4 at 6–10.) Dawson refused to sign the warning, because she denied that she had done anything wrong. (Docket No. 50 ¶ 9.) Dawson claims that, on the same day that she received the written warning, Hall made confrontational and/or racially offensive comments to her about the matter, including, "Stop saying you fucking understand when we both know you don't. I thought you black women were supposed to be so fucking smart." (*Id.* ¶ 11;

Docket No. 49-5 at 3.) Dawson's interrogatory responses allege a long history of similar or otherwise racially inappropriate remarks by Hall. (Docket No. 49-5 at 3–8.)

Dawson, with new counsel, filed her initial Complaint in this case on May 4, 2017, alleging racial harassment. (Docket No. 1 at 5.) TDOC has now moved for summary judgment on the ground that Dawson's EEOC charge was untimely. (Docket No. 43.)

## II. LEGAL STANDARD

Rule 56 requires the court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If a moving defendant shows that there is no genuine issue of material fact as to at least one essential element of the plaintiff's claim, the burden shifts to the plaintiff to provide evidence beyond the pleadings, "set[ting] forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "In evaluating the evidence, the court must draw all inferences in the light most favorable to the non-moving party." *Moldowan*, 578 F.3d at 374 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At this stage, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). But "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient," and the party's proof must be more than "merely colorable." *Anderson*, 477 U.S. at 249, 252. An issue of fact is "genuine" only if a reasonable jury could find for the non-moving party. *Moldowan*, 578 F.3d at 374 (citing *Anderson*, 477 U.S. at 252).

## III. ANALYSIS

TDOC argues that it is entitled to summary judgment on the ground that Dawson's claim was untimely raised, based on the lengthy delay between her initial internal complaint about Hall's behavior in November 2014 and her filing of an EEOC charge in April 2016. Dawson argues that her Complaint was timely because TDOC committed a continuing violation of her Title VII rights that extended up to and through the days before she filed her charge.

"Federal courts do not have subject matter jurisdiction of Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC charge." *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000) (quoting *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998)). "An EEOC charge must be filed within 180 days after the alleged unlawful employment practice occurred, unless 'the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice,' in which case the aggrieved individual must file a charge with the EEOC within 300 days." *Clemons v. Metro. Gov't of Nashville*, 664 F. App'x 544, 546 (6th Cir. 2016) (quoting 42 U.S.C. § 2000e–5(e)). It is undisputed that Dawson filed her charge more than 300 days after Hall's first alleged inappropriate remarks.

The continuing violation doctrine "allows a plaintiff to bring a claim for discriminatory conduct that occurs outside the limitations period if the discriminatory conduct is sufficiently related to conduct occurring within the limitations period." *Booker v. Boeing Co.*, 188 S.W.3d 639, 643 (Tenn.2006); *accord Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002). The Sixth Circuit has recognized two narrow situations that warrant application of the continuing violation theory: (1) an ongoing series of discriminatory acts related to a discriminatory decision, or (2) a long-standing policy of discrimination. *Lyons v. Metro. Gov't of Nashville & Davidson*

*Cty.*, 416 F. App'x 483, 491 (6th Cir. 2011) (citing *Sharpe v. Cureton*, 319 F.3d 259, 266–67 (6th Cir. 2003)).

The Sixth Circuit has recognized that a plaintiff alleging harassment can establish a "long-standing policy of discrimination" by showing that the defendant had "a longstanding and demonstrable policy . . . of tolerating a racially hostile environment," and "the incidents of harassment . . . illustrate a continuing course of conduct in that they were similar in type and recurred frequently." *Jackson v. Quanex Corp.*, 191 F.3d 647, 668 (6th Cir. 1999) (citations omitted). "It does not matter . . . that some of the component acts of the hostile work environment fall outside the statutory time period," as long as "an act contributing to the claim occurs within [that] period." *Morgan*, 536 U.S. at 117. Accordingly, "[a] single plaintiff may recover for a hostile work environment claim that extends well beyond the 300-day EEOC filing period as long as one act of that same hostile work environment occurred within the 300-day period." *EEOC v. E. Columbus Host, LLC*, No. 2:14-CV-1696, 2016 WL 4594727, at *9 (S.D. Ohio Sept. 2, 2016) (citing *Morgan*, 536 U.S. at 117).

Dawson has presented evidence that Hall engaged in a pattern of routinely making racially inappropriate remarks, up to and including on May 26, 2016—after the EEOC charge was filed. During that time period, Hall's behavior was widely known, and she was even investigated and briefly suspended. That suspension, however, was wholly ineffectual, and Hall's her comments were allowed to continue. TDOC does not offer any argument why those facts would not be sufficient to state a continuing violation. Indeed, after Dawson raised her continuing violation argument in her Memorandum in Support of her Response to the Motion for Summary Judgment (Docket No. 49 at 2–4), TDOC did not, and did not seek leave to, file a

reply.[2] As Dawson has set forth an unrebutted argument, supported by facts, that TDOC committed a continuing violation that extended into the statute of limitations period for filing an EEOC charge, and TDOC has not raised any additional grounds on which it is entitled to summary judgment, the motion for summary judgment will be denied.

## IV. CONCLUSION

For the foregoing reasons, TDOC's Motion for Summary Judgment (Docket No. 43) is hereby **DENIED**.

It is so **ORDERED**.

Enter this 12th day of July 2018.

_____
ALETA A. TRAUGER
United States District Judge

---

[2] TDOC did file a document that has been docketed, in the court's electronic system, as a reply. (Docket No. 50.) That document, however, is merely TDOC's required response to Dawson's Additional Statement of Facts. *See* Local R. 56.01(d).